**DANIELS TOWING SERVICE, INC., a Florida corporation, Plaintiff and Cross Defendant,**

v.

**NAT HARRISON ASSOCIATES, INC., a Florida corp., Defendant and Cross Plaintiff,**

v.

**The TUG SALLY MAC, Impleaded Defendant.**

Civ. A. No. 67–1105.

United States District Court
S. D. Florida,
Miami Division.

July 9, 1969.

Reginald Hayden, of Fowler, White, Collins, Gillen, Humkey & Trenam, Miami, Fla., for plaintiff-cross-defendant.

R. T. Greene, of Greene & Downing, Miami, Fla., for the defendant-cross-plaintiff.

### Memorandum Opinion

ATKINS, District Judge.

This case arises from certain incidents which occurred during the construction of harbor facilities on Andros Island in the Bahamas during the year 1965. The damages sued upon were allegedly incurred by three separate barges and two types of concrete pilings.

Nat Harrison Associates, Inc., a Florida corporation, was the prime contractor on the job and is the defendant/cross plaintiff in this cause. To facilitate the transportation of raw material, such as rock and shell, to the job site, Harrison chartered three barges. These were the Sea Scow 1500, the Hughes 46 and the Andros. The towage and transportation of these barges was provided by Daniels

Towing Co., a Florida corporation, plaintiff/cross defendant in this case, pursuant to a contract between Harrison and Daniels.

The action began when Daniels sued Harrison for the unpaid balance on the above-mentioned towing contract. The parties have stipulated to Harrison's liability in the amount of $5,750.00. Harrison then counterclaimed against Daniels for damages to the three named barges, a concrete dolphin [1] and a concrete piling cluster. The concrete structures were located in the Andros harbor being improved by Harrison. This harbor is known as Autec. In addition, Harrison sued the tug Sally Mac as an impleaded defendant. The Sally Mac was owned by Osceola Trading Co., and was chartered by Daniels to transport the barges. The several incidents which allegedly caused the damages occurred while the Sally Mac was the towing tug. At this point the Sally Mac has been sold and the proceeds of $50,000 lie in the Registry of this Court.

The agreement under which Harrison chartered the barges provided that they would be returned in good condition, ordinary wear and tear excepted. At the conclusion of the charter contract it was agreed between Harrison and the barge owner that repairs were necessary. The cost was as follows: $72,663 for the Sea Scow 1500; $25,000 for the Hughes 46; and $29,000 for the Andros. Harrison paid the owner these amounts and seeks full reimbursement for the repairs to the Sea Scow 1500 and part reimbursement for the other repairs. Harrison alleges that Daniels and the Sally Mac are liable for $8,350 and $5,200 for the repair of the Hughes 46 and the Andros respectively. Harrison also paid $4,855 for repair to the concrete dolphin and $645 for repair to the concrete piling and seeks reimbursement for these amounts.

*Sea Scow 1500*

The evidence presented at trial reflects that the Sea Scow 1500 was involved in several incidents while under charter to

Harrison. The sum of these incidents was the $72,663 of damage. The Court finds that liability for certain of these incidents is attributable to Daniels and the Sally Mac.

*Groundings on July 6 and 7, 1965*

On July 6, 1965, while being towed by the Sally Mac from Miami to Andros, the Sea Scow grounded on its aft starboard quarter in a sandy bottomed area northwest of the Northwest Channel light. It took approximately 40 minutes of pulling to free the barge. The following day the Sea Scow again grounded on its aft starboard quarter in an area of coral rock east of Mastic Point, Andros. The barge was freed in 15 minutes. The Sally Mac was under the command of Captain Frank Boehm at this time. He testified that he noted an increase in starboard list of the Sea Scow after the Mastic Point incident. Daniels and the Sally Mac disclaim responsibility for these incidents, contending that a damaged port skeg [2] on the Sea Scow caused it to tow to starboard. It was established that the port skeg was defective at the time of these groundings. However, Captain Boehm had knowledge of this and failed to take proper steps. Daniels and the Sally Mac are therefore held liable for the above two incidents as the barge was off course while under their control.

The Sea Scow 1500 grounded two more times on July 7, 1965 at the entrance to Autec which is an area of coral rock. The first incident occurred with the Sally Mac towing and the Tug Blue Heron assisting at the stern of the barge. As before, the barge grounded on its aft starboard quarter. The barge was freed and the Blue Heron took over the tow with the Sally Mac assisting at the stern. Almost immediately thereafter the barge grounded again. It was freed again and taken to a mooring. The Court finds that Daniels and the Sally Mac are responsible for both incidents. A tug's responsibility for its tow is not

1. A dolphin is a mooring buoy.

2. A skeg is a type of fixed rudder.

terminated until the tow is safely anchored at the completion of the voyage. United States v. Powell Brothers Barge No. 128, 249 F.Supp. 553 (D.C.Fla.1965).

It is axiomatic that damages based on conjecture or speculation are not recoverable. Before an award can be made a reasonable basis must be established for the computation of damages. Moran Towing Corporation v. M. A. Gammino Construction Co., 244 F.Supp. 729 (D.C. R.I.1965). In the present case there was evidence presented concerning other incidents involving the Sea Scow during the time it was chartered by Harrison. These incidents include the aforementioned damage to the skeg and a grounding during Hurricane Betsy. It is also pertinent that there is little evidence to establish the Sea Scow's condition prior to the July 6 incident. The Court finds the evidence insufficient to determine how much of the $72,663 in repairs to the Sea Scow was necessitated by the four incidents for which Daniels and the Sally Mac are liable. Accordingly, it is

■ Ordered that a hearing be held on *Friday, August 29, 1969 at 9:00 a. m.* At this time all parties will be afforded the opportunity to present evidence concerning the damages caused by the incidents for which Daniels and the Sally Mac have been held liable. Ten days prior thereto defendant/cross plaintiff shall submit a memorandum in support of its position, including proof to be submitted by expert testimony. Plaintiffs/cross defendant will have five days thereafter to serve and file its reply memorandum including proof to be submitted by expert testimony.

*Hughes 46*

■ On December 1, 1965 the barge Hughes 46 grounded while being towed by the Sally Mac. The incident took place at the entrance to Autec. For 30 minutes the tug unsuccessfully attempted to free the barge. During the evening the barge floated free and came to rest against a vessel. This contact caused no damage. The Court finds Daniels and the Sally Mac liable for this grounding. From the testimony of Thomas Newman, a marine surveyor, it can be reasonably established that $8,350 was required to repair the damage caused by the grounding and thus liability is fixed in that amount.

*Andros*

On January 3, 1966, the barge Andros, while docked at Autec, broke from its moorings and ran aground on its port side. Harrison's claim for this incident is based on the premise that the Sally Mac secured the barge to its moorings negligently. It is not clear from the evidence whether Harrison or Daniels and the Sally Mac should bear this liability. When a barge was docked Harrison provided line handlers and lines for dockside mooring while the Sally Mac, using Harrison lines, secured seaside lines to appropriate pilings. At the time of the hearing set above, the Court will receive evidence from both parties concerning the mooring of the Andros on January 3, 1966.

*Concrete Structures*

■ On January 17 or 18, 1966 the Sally Mac had the Sea Scow under tow when the barge came into contact with a dolphin at Autec. On the basis of this contact Harrison claims that Daniels and the Sally Mac are liable for $4,855, the cost of repairing the dolphin. Harrison similarly seeks $648 for damage to a concrete piling cluster allegedly caused by the Sally Mac towing the Sea Scow on November 6, 1965. The Court finds that Harrison has produced no evidence showing that these incidents were the proximate cause of the damages incurred by the dolphin and the piling cluster. Harrison is therefore denied recovery on this claim.

Judgment will be entered at the conclusion of the August 29 hearing on all of the above matters.